Rogers, Sheriff, vs. May.

---

R. W. Rogers, Sheriff, &c., plaintiff in error, vs. Robert H. May, defendant in error.

A Sheriff arrested a defendant in *ca. sa.*, and took from him a defective bond under the honest debtors' Act of 1823, and let him go at large. In doing this, the Sheriff acted in good faith, and under legal advice. Afterwards, the Sheriff re-arrested the defendant, and took another and a perfect bond, under the Act aforesaid; and this he did, time enough to make the bond, &c., returnable to the same Term, to which the first bond, &c., were properly returnable.

*Held*, That the Sheriff was not liable to a rule for the money due on the *ca. sa.*

Rule, from Columbia county.   Decided by Judge Holt, April Term, 1858.

A motion was made in the Court below by Robert H. May, for a rule *nisi* against Richard W. Rogers, Sheriff, to show cause why he should not be attached for contempt, in permitting a voluntary escape of Richard Downs, who had been arrested by said Sheriff, under a *capias ad satisfaciendum* in favor of Robert H. May *vs.* Richard Downs.

The Sheriff showed for cause, that on the 5th of February, 1858, he had arrested said Richard Downs, and taken the bond then in Court and returned his acts and doings, with the writ and bond, to Thomas M. Berrien, from whom he received the writ; and that the said Thomas M. Berrien returned said writ and bond to the Superior Court. That in doing this, he acted in good faith and by advice of counsel; that on the 21st April, 1858, he had re-arrested Richard Downs, and taken a bond in strict conformity with the statute; that no Term had been lost, and that the plaintiff in *ca. sa.* had not been injured in any respect.

The first bond was defective in several particulars. It was payable to the Sheriff. It stated, that the defendant was arrested at the instance of Robert H. May & Co., when the *ca. sa.* was in the name of Robert H. May. It was made returnable to the Court next after its date, which was only thirteen days off. It was conditioned for the defendant's appearance to take the benefit of the Acts of the General Assembly for the relief of honest debtors, instead of, to stand to and abide by, such proceedings as might be had in relation to his taking the benefit of the Act of 1823, for the relief of honest debtors.

After argument, the Court held that the bond was void; that the Sheriff was guilty of a voluntary escape, and amenable to the rule for contempt, and overruled every ground assumed by the Sheriff; and to this decision of the Court the Sheriff filed his bill of exceptions, assigning the same as error.

McKenzie & Ward; and Millers & Jackson, for plaintiff in error.

C. H. Shockley, *contra.*

*By the Court.*—Benning, J. delivering the opinion.

Ought the rule *nisi* against the Sheriff, to have been made absolute?

It ought not to have been, if the escape was a *negligent* one. This is not disputed. The Court below considered the escape to have been, not a negligent, but a voluntary, one.

If we go by what is said, and, perhaps, what is decided, in *Colley vs. Morgan, (5 Ga.* 185,) we must say, that the escape was no more than a negligent one. And we incline to think, that it was no more than a negligent one. The reason why the Sheriff let the defendant go at large, was, not that he *wished* him to be at large, but, that he felt himself *constrained* by the *law,* (mistaken though he might be,) to let him go at large—that law which he had to interpret for himself.

Would such an escape as this, amount even by the common law, to a satisfaction of the debt? Hardly.

No case was cited in which, an escape in such a case as this, was held to be voluntary.

But say that this escape was voluntary, does it follow that the rule should have been made absolute?

The reason why a voluntary escape subjected the Sheriff, by the common law, so absolutely to the payment of the debt, was, that by a voluntary escape, the *ca. sa.* became satisfied, or, at least, *functus officio,* so that the Sheriff could not re-arrest the defendant under it. *Watson Shff.* 141.

But the common law in this respect, has been changed by our statutes.

An Act of 1811 says, that both the *fi. fa.* and the *ca. sa.* "shall be of full force until satisfied, without being obliged

to be renewed on the Court roll from year to year." *Cobb. Dig.* 510.

An Act of 1843, says, that " in any case where a debtor has been arrested under an execution against the body, and is afterwards discharged from such imprisonment, either by the authority of the plaintiff or otherwise, without the debt being paid, that such arrest and discharge shall not operate as a satisfaction of the debt, but the debtor's property shall be liable to the judgment as though no arrest had been made." *Id.* 515.

This repealed the common law rule which says, that a liberation of the arrested debtor shall be a *satisfaction* of the *ca. sa.*[1]

And the effect of it in the present case, was, to prevent the *ca. sa.* from being " satisfied" by the act of the Sheriff in letting the defendant go at large on receiving from him the first bond.

The *ca. sa.* thus being prevented from being " satisfied," by this act of the Sheriff, the statute of 1811, aforesaid, came in, and said, that the *ca. sa.* should be "*of full force* until satisfied." And if the *ca. sa.* was still of force after this act, then the Sheriff had the right to re-arrest under it.

Is it true, that the *latter* words aforesaid, of the statute of 1843, would, if they were all, authorize an implication, that satisfaction was to be sought for only out of the debtor's property? But those words are not all; there are the words of the statute of 1811, which are, that the *ca. sa.* " shall be of full force until satisfied;" and we are not allowed to make a statute by implication repugnant to another statute, if there is not some great necessity for doing so. There is no such necessity here.

These things being so, we think, that the Sheriff had the right to make the second arrest, and to take the second bond; and, that as he acted throughout in good faith, and under legal advice, and, as no Term of the Court was lost by his mis-

take, the rule against him should not have been made absolute.

Judgment reversed.